CECIL M. NICHOLS, APPELLEE, V. FRANK O. GUNTER, DIRECTOR, NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, ET AL., APPELLANTS.

407 N.W.2d 203

Filed June 12, 1987.   No. 87-075.

Dennis R. Keefe, Lancaster County Public Defender, and Richard L. Goos, Special Deputy Public Defender, for appellee.

Robert M. Spire, Attorney General, and Linda L. Willard, for appellants.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

In a declaratory judgment action brought by Cecil M. Nichols, the district court for Lancaster County held that the Nebraska Department of Correctional Services lacked authority to withhold credit for meritorious good time, see Neb. Rev. Stat. § 83-1,107(1) (Cum. Supp. 1974), earned before Nichols violated his mandatory parole. On appeal by the State, the parties stipulated that the only issue involved in the present case is the same as the question answered in *Wounded Shield v. Gunter, ante* p. 327, 405 N.W.2d 9 (1987), filed by this court on May 1, 1987. The parties have further stipulated that the decision in *Wounded Shield v. Gunter, supra*, controls disposition in the case now before us.

In *Wounded Shield v. Gunter, supra*, we stated: "[C]redit for meritorious behavior which had been earned before Wounded Shield's release on mandatory parole may be forfeited or withheld, after reincarceration for violation of mandatory parole." *Ante* p. 335, 405 N.W.2d at 14.

Therefore, we hold that credit for meritorious behavior which had been earned before Nichols' release on mandatory parole may be forfeited or withheld, after reincarceration for violation of mandatory parole.

The judgment of the district court is reversed, and this matter is remanded to the district court with direction to enter judgment for the appellants herein, consistent with our opinion rendered in *Wounded Shield v. Gunter, supra*, and in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTION.